UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GERALD SAWYER, :
    Petitioner :
 :
v. : CIVIL NO. 4:CV-05-2089
 :
 : (Judge McClure)
CAMERON LINDSAY, WARDEN, :
    Respondent :
 :

## MEMORANDUM AND ORDER

November    , 2005

**Background**

      Gerald Sawyer ("Petitioner"), an inmate presently confined at the Canaan Federal Prison Camp, Waymart, Pennsylvania ("FPC-Canaan"), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is accompanied by an in forma pauperis application. Named as Respondent is FPC-Canaan Warden Cameron Lindsay.

      Petitioner states that he was convicted of conspiracy to straw purchase firearms, making false statements to a firearms dealer, and possession of a firearm by a convicted felon in the United States District Court for the Eastern District of

1

Pennsylvania.  Sawyer was sentenced to a 120 month term of incarceration on April 5, 2002.  There is no indication that the Petitioner filed a direct appeal or sought collateral relief via a 28 U.S.C. § 2255 action.

Petitioner's present action claims entitlement to federal habeas corpus relief on the grounds that his federal sentence is excessive because it was imposed when the United States Sentencing Guidelines ("Sentencing Guidelines") were mandatory.  Sawyer's argument is premised on the United States Supreme Court's recent holding in United States v. Booker, 125 S. Ct. 738 (2005).  Booker reaffirmed Apprendi v. New Jersey, 530 U.S. 466 (2000),[1] adding that the Sentencing Guidelines were not mandates but advisory only.   The Petitioner states that he "sincerely believes that his sentence would have been different had the Guidelines not been mandatory for the Sentencing Court."  Record document no. 1, p. 4.  As relief , he requests that the sentencing court be directed to reconsider his sentence in light of Booker.  Sawyer further indicates that his claim is properly raised under § 2241 because his § 2255 remedy is inadequate or ineffective.

---

[1]   In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490.

2

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

A federal criminal defendant's sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255.  E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979).  Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to

the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added).  28 U.S.C. § 2255; <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>Hill v. United States</u>, 368 U.S. 424, 427 (1962); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd Cir. 1997); <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir 1997); <u>Application of Galante</u>, 437, F.2d 1164, 1165 (3rd Cir. 1971).  Sawyer's instant action is seeking reconsideration of his federal sentence which was imposed by the Eastern District of Pennsylvania.

In ruling on the issue of inadequate or ineffective, the appellate courts have instructed that a collateral relief motion is inadequate or ineffective only where it is established that some limitation of scope or procedure would prevent the collateral remedy from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.  <u>See</u>  <u>Galante</u>, 437 F.2d at 1165 (3d Cir. 1971)(quoting <u>United States ex rel. Leguillou v. Davis</u>, 212 F. 2d 681, 684 (3d Cir. 1954)).  It has also been established that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  <u>See</u> <u>id</u>.; <u>Cagle v. Ciccone</u>, 368 F.2d 183, 184 (8th Cir 1966).

Furthermore, prior unsuccessful collateral relief motions filed in the sentencing court have been held to be insufficient in and of themselves to show that

4

the motion remedy is inadequate and ineffective. Tripati v. Herman, 843 F.2d 1169, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F. 2d 395, 396 (3d Cir. 1966)(per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative ...." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986). The United States Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court under § 2255, a § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 462 F.2d 1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972).

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil also addressed what circumstances make a collateral relief remedy inadequate and ineffective. The legislative limitations placed on collateral relief proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the <u>Triestman</u> and <u>Dorsainvil</u> courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. <u>Triestman</u>, 124 F.3d at 377; <u>Dorsainvil</u>, 119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. <u>Triestman</u>, 124 F.3d at 366; <u>Dorsainvil</u>, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Sawyer's present claim does not fall within the narrow exception created by <u>Dorsainvil</u> and <u>Triestman</u>. Specifically, there is no allegation by Petitioner that his claim is based on any newly discovered evidence. The Petitioner has also not presented any facts to show that the denial of his habeas action would raise serious constitutional issues.

Unlike <u>Dorsainvil</u>, Sawyer's argument for relief is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction. Fundamental to <u>Dorsainvil</u> was the fact that the petitioner may actually be innocent of the crime charged. In this case, Petitioner has failed to present any allegations suggesting that he was not involved in

6

the alleged underlying criminal activity.  Rather, his claims are solely based on a sentencing related issue, namely, that his sentence may have been more lenient if imposed after the Booker decision.  Consequently, it is apparent that Sawyer's request for relief has nothing to do with the actual question of Petitioner's guilt.  It is additionally recognized that in Tyler v. Cain, 533 U.S. 656, 663 (2001),[2] the Supreme Court established that a new rule of law is not made retroactive to cases on collateral review unless the Court itself holds it to be retroactive.

Furthermore, the Court of Appeals for the Third Circuit recently held that the Booker decision does not have retroactive effect.  See Lloyd v. United States, 407 F. 3d 608, 615-16 (3d Cir.  2005, cert. denied, 126 S.Ct. 288  (Oct. 3, 2005).  Since Booker cannot presently be applied retroactively to cases on collateral review, this Court is precluded from considering any such claim by Sawyer.  See United States v. Pinkston, 153 F. Supp. 2d 557 (M.D. Pa. 2001).

---

[2] While Tyler specifically addressed the detention of a state prisoner and thus a claim presented under 28 U.S.C. § 2254, the holding applies equally to a federal prisoner's § 2255 claim.  This is so because a § 2255 motion is the federal equivalent of a state habeas petition filed pursuant to § 2254 and was intended to mirror § 2254 in operative effect.  United States v. Vancol, 916 F. Supp. 372, 377, n.3 (D. Del.)(citing Reed v. Farley, 512 U.S. 339, 353 (1974)).  Precedent under § 2254 and § 2255 may be used interchangeably.  Vancol, 916 F. Supp. at 377 n.3 (citing Kaufman v. United States, 394 U.S. 217, 224-27 (1969)).

Consequently, since Sawyer has not established that his remedy under § 2255 is inadequate or ineffective under the standards announced in Dorsainvil and Triestman, his petition for writ of habeas corpus will be dismissed without prejudice.  Petitioner, if he so chooses, may reassert his present claim through a § 2255 motion filed with the sentencing court.  In the event that Petitioner has previously filed a § 2255 motion, he may submit an application to the Third Circuit seeking leave to file a second or successive § 2255 motion.  Consequently,

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner is granted leave to proceed in forma pauperis for the sole purpose of the filing of this action.

2. The petition for writ of habeas corpus is dismissed without prejudice.

3. The Clerk of Court is directed to close this case.

4. There is no basis for the issuance of a Certificate of Appealability.

_____
JAMES F. McCLURE, JR.
United States District Judge